UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANCHEZ SMOTHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-1982 JAR |
| ) | |
| MISSOURI DEPT. OF CORR., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to withdraw his appeal. The Court will grant plaintiff's motion. Additionally, as plaintiff has submitted his account statement, the Court will vacate its dismissal of this action and reopen the present matter for review of plaintiff's complaint pursuant to 28 U.S.C.§ 1915.

Plaintiff is currently serving his Missouri sentence at the Boonville Treatment Center. The Court will interpret plaintiff's submission of his account statement as a request for leave to proceed in forma pauperis in this matter. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $38.11. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $190.59. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $38.11, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

2

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the Missouri Department of Corrections ("MDOC"); David Hawanchak (Correctional Officer at Eastern Diagnostic and Corrections Center ("ERDCC"); Steven Bradley (Correctional Officer at ERDCC); John Doe and Jane Doe.

Plaintiff asserts that during his incarceration at ERDCC in July of 2015, Correctional Officer Hawanchak wrote him up for two purportedly fraudulent conduct violations. Plaintiff states that Hawanchak claimed that during a cell search of plaintiff's cell he found a crumpled up piece of paper in the trash with the words, "Break a hoe cuz a hustle on da lou ant tryna go for broke so both can on a stroll if you don't ima cut you throat!" Hawanchak claimed he also found a "tag" on plaintiff's cell wall that stated, "Horse Shoe Posse Blood." Plaintiff was written up for an alleged threat, as a result of the words on the crumpled up paper, as well as destroying state property for the "tag" on the wall.

3

Plaintiff asserts that he was given three-hundred (300) days in "the hole," or in administrative segregation, for the conduct violations, as well as loss of "good time credit." He claims he was not afforded due process during the hearing on his conduct violation. Plaintiff's defense to the charges on his violations is that the words on the page were song lyrics from an approved list of music at the prison. He asserts that the words on the wall were there prior to him being assigned to the cell.

Plaintiff claims that because he was in administrative segregation serving time on his conduct violations, he was taken to his parole hearing in "shackles and restraints." He also asserts that he was denied the ability to bring witnesses on his behalf at the hearing on his conduct violations.

Plaintiff seeks damages for loss of his good time credits, as well as the time he spent in administrative segregation.

## Discussion

For the Due Process Clause to be implicated, an inmate subjected to administrative segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." *Id.* (citing *Kennedy v. Bankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the

4

general population which amounts to an atypical and significant hardship." *Id.* Plaintiff makes no such assertions in the complaint. As such, he has failed to show that he was subjected to a due process violation.

Furthermore, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest as indicated in the case law. *See Sandin*, 515 U.S. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). As a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, plaintiff does not have a constitutional right to conditional release or "good time credits." *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). As a result, plaintiff's due process claim with regard to his loss of good time credits fails as a matter of law.

In light of the aforementioned, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion to withdraw his appeal [Doc. #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Dismissal in this action entered on September 7, 2017 [Doc. #3] is **VACATED** and this matter is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis on appeal [Doc. #9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court **will allow plaintiff to proceed in forma pauperis** in this matter based on the submission of his prison account statement. [Doc. #10]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of April, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE